**RABINOWITZ, LUBETKIN & TULLY, L.L.C.**
293 Eisenhower Parkway, Suite 100
Livingston, New Jersey 07039
(973) 597-9100
(973) 597-9119 (Fax)
Jonathan I. Rabinowitz
jrabinowitz@rltlawfirm.com
*Counsel to Defendants FBNK Finance S.a.r.l.
and Digital Commerce Strategy AG*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>P8H, INC., d/b/a PADDLE 8,<br><br>                              Debtor. | Case No. 20-10809 (smb)<br><br>Chapter 11 |
| MEGAN E. NOH, in her capacity as the Chapter 11 Trustee of P8H, INC., d/b/a PADDLE 8,<br><br>                              Plaintiff,<br><br>v.<br><br>JOHN TEXTOR, also known as JOHN C. TEXTOR, an individual, FUBOTV, INC. (formerly known as FACEBANK GROUP, INC.), a Florida corporation, DIGITAL COMMERCE STRATEGY AG (formerly known as FACEBANK AG), a Swiss joint stock company, FBNK FINANCE S.À.R.L., a Luxembourg limited liability company, and STOCKACCESS HOLDINGS SAS, a French joint stock company,<br><br>                              Defendants. | Adv. No. 20-01212 (smb)<br><br>Hearing Date and Time:<br>12/9/2020 at 10:00 a.m.<br><br>Opposition Deadline:<br>12/2/2020 |

**MOTION TO DISMISS CLAIMS AGAINST DEFENDANTS FACEBANK GROUP, INC.
AND DIGITAL COMMERCE STRATEGY AG PURSUANT TO
F.R.C.P. 12(b)(6) AND F.R.B.P. 7012**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................**Error! Bookmark not defined.**

Preliminary Statement.................................................................**Error! Bookmark not defined.**

Statement of Facts......................................................................**Error! Bookmark not defined.**

Legal Argument .........................................................................**Error! Bookmark not defined.**

I. The Complaint Should Be Dismissed as to the Defendants for Failure to State a Claim Pursuant to Federal Rule 12(b)(6) and Bankruptcy Rule 7012  A. Standard of Review....... **Error! Bookmark not defined.**

B. The Complaint Fails to State a Claim for Aiding and Abetting Because the Complaint Does Not Allege Facts Suggesting that the Defendants Knew of Textor's Alleged Conduct or that the Defendants Provided Substantial Assistance to Textor .................**Error! Bookmark not defined.**

C. The Complaint Fails to State a Claim for Equitable Subordination of the Defendants' Claims ................................................................................................**Error! Bookmark not defined.**

CONCLUSION...........................................................................**Error! Bookmark not defined.**

## **TABLE OF AUTHORITIES**

### CASES

*American Protein Corp. v. AB Volvo,* 844 F.2d 56, 60 (2d Cir.1988) .......................................... 10
*Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) ................................................................................. 6
*Baron v. Galasso*, 83 A.D.3d 626, 921 N.Y.S.2d 100, 104 (2d Dep't 2011) ................................ 7
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007) ................................................................. 6
*Dubai Islamic Bank v. Citibank, N.A.*, 256 F. Supp. 2d 158, 167 (S.D.N.Y. 2003)) .................... 7
*In re 80 Nassau Assocs.*, 169 B.R. 832, 838 (Bankr. S.D.N.Y. 1994) ........................................... 9
*In re Marketxt Holdings Corp.*, 361 B.R. 369, 385 (Bankr. S.D.N.Y. 2007) ................................ 9
*In re Mobile Steel Co.*, 563 F.2d 692, 700 (5th Cir.1988) ............................................................ 9
*In re Moll Indus., Inc.*, 454 B.R. 574, 586 (Bankr. D. Del. 2011) ................................................ 9
*In re Motors Liquidation Co.*, 563 B.R. 498, 505 (Bankr. S.D.N.Y. 2016) .................................. 6
*In re Platinum-Beechwood Litig.*, 453 F. Supp. 3d 645, 650 (S.D.N.Y. 2020) ..................... 6, 7, 8
*Kaplan v. Aspen Knolls Corp.*, 290 F. Supp. 2d 335, 340 (E.D.N.Y. 2003) ............................... 10
*Kaufman v. Cohen*, 307 A.D.2d 113, 760 N.Y.S.2d 157, 169 (N.Y.App.Div.2003)) ................ 6, 7
*Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 295 (2d Cir. 2006) ...................................................... 7
*Platinum-Beechwood Litig.*, *supra*, 453 F. Supp. 3d at 650 (S.D.N.Y. 2020) ............................... 7

### RULES

Fed. R. Bankr. P. 7008 .................................................................................................................... 6
Fed. R. Bankr. P. 7012 ................................................................................................... 1, 4, 6, 8, 10
Fed. R. Civ. P. 12(b)(6) .............................................................................................. 1, 4, 5, 6, 8, 10

**PRELIMINARY STATEMENT**

1.  The Complaint alleges two causes of action against the Defendants: (i) a cause of action set forth in Count 7 for aiding and abetting John C. Textor ("Textor") in his alleged breach of fiduciary duty to the Debtor, and (ii) a cause of action set forth in Count 8 for equitable subordination of claims by the Defendants based on their alleged aiding and abetting of Textor in his conduct.

2.  The Complaint fails to state a claim against the Defendants for aiding and abetting Textor in his alleged breach of fiduciary duty.

3.  The elements of a claim for aiding and abetting are (i) the existence of an underlying tort, (ii) the defendant's actual knowledge of the underlying tort, and (iii) substantial assistance by the defendant in the commission of the underlying tort.

4.  The Complaint does not allege any facts indicating that the Defendants had knowledge of Textor's alleged breach of fiduciary duty.

5.  The Complaint does not allege any facts indicating that the Defendants provided substantial assistance to Textor in his alleged breach of fiduciary duty.

6.  The only facts alleged by the Complaint relating to the Defendants are that (i) Digital Commerce made a loan to the Debtor and received a promissory note from the Debtor secured by certain of the Debtor's assets, (ii) after the Debtor filed for bankruptcy, and after Textor was no longer on the Debtor's board of directors, FBNK received an assignment of Digital Commerce's rights relating to the loan, note and security agreement from a subsequent assignee, and (iii) the Defendants were owned by subsidiaries of an entity in which Textor held an ownership interest, and for which Textor served as an officer.

7. Accordingly, the Complaint fails to state a claim that the Defendants aided and abetted Textor in his alleged breach of fiduciary duty to the Debtor, and should be dismissed pursuant to Civil Rule 12(b)(6).

8. Because the Complaint fails to state a claim against the Defendants for aiding and abetting, the Trustee's request for the remedy of equitable subordination should also be dismissed.

9. For the foregoing reasons, and as set forth in detail below, the Complaint should be dismissed as to the Defendants.

## STATEMENT OF FACTS

10. Solely for the purposes of this Motion, without admitting same, Defendants adopt and incorporate by reference the factual allegations set forth in Paragraphs 19 to 67 of the Complaint as if set forth herein. The Defendants reserve all rights to deny or otherwise challenge the allegations set forth in the Complaint. Unless otherwise noted, all capitalized terms hereinafter use the definitions assigned in the Complaint.

## LEGAL ARGUMENT

### I. The Complaint Should Be Dismissed as to the Defendants for Failure to State a Claim Pursuant to Civil Rule 12(b)(6) and Bankruptcy Rule 7012

#### A. Standard of Review

11. To survive a motion to dismiss under Civil Rule 12(b)(6), applicable here pursuant to Bankruptcy Rules 7008 and 7012, the Complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (internal citation and quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (dismissing complaint where plaintiff did not "nudge [its] claims across the line from conceivable to plausible"). "Threadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice" to state plausible claims, as allegations "must create the possibility of a right to relief that is more than speculative." *In re Motors Liquidation Co.*, 563 B.R. 498, 505 (Bankr. S.D.N.Y. 2016) (internal citation and quotation marks omitted).

### B. The Complaint Fails to State a Claim for Aiding and Abetting Because the Complaint Does Not Allege Facts Suggesting that the Defendants Knew of Textor's Alleged Conduct or that the Defendants Provided Substantial Assistance to Textor

12.     A plaintiff bringing a cause of action for aiding and abetting must establish three elements: (i) the existence of an underlying tort, (ii) the defendant's knowledge of the tort, and (iii) that the defendant provided "substantial assistance" to advance the tort's commission. *In re Platinum-Beechwood Litig.*, 453 F. Supp. 3d 645, 650 (S.D.N.Y. 2020).

13.     In the context of a claim for aiding and abetting breach of fiduciary duty, the plaintiff must show the defendant had actual rather than constructive knowledge. "Constructive knowledge of the breach of fiduciary duty by another is legally insufficient to impose aiding and abetting liability." *Kaufman v. Cohen*, 307 A.D.2d 113, 760 N.Y.S.2d 157, 169 (N.Y.App.Div.2003)).

14.     "A person knowingly participates in a breach of fiduciary duty only when he or she provides substantial assistance to the primary violator." *Baron v. Galasso*, 83 A.D.3d 626, 921 N.Y.S.2d 100, 104 (2d Dep't 2011).

15.     "The substantial assistance element is established 'when a defendant affirmatively assists, helps conceal or fails to act when required to do so, thereby enabling the breach to occur.'" *Platinum-Beechwood*, *supra*, 453 F. Supp. 3d at 650 (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 295 (2d Cir. 2006)).

16.     Further, to meet the threshold for establishing substantial assistance, a plaintiff must show that the defendant's participation was a proximate cause of the plaintiff's injury. *Ibid*. (quoting *Dubai Islamic Bank v. Citibank, N.A.*, 256 F. Supp. 2d 158, 167 (S.D.N.Y. 2003)).

17.     Here, the Trustee has failed to allege facts that plausibly establish that the Defendants knew of Textor's alleged breach of fiduciary duty, or that the Defendants substantially assisted in Textor's alleged breach of fiduciary duty.

18.     The Complaint does not allege that the Defendants had knowledge of Textor's acts which the Trustee alleges breached his fiduciary duty to the Debtor.

19.     Thus, the Complaint fails to allege facts necessary to establish the Defendants' knowledge of Textor's alleged breach of fiduciary duty to satisfy the second element of a claim for aiding and abetting Textor's alleged breach of fiduciary duty. *See Platinum-Beechwood Litig.*, *supra*, 453 F. Supp. 3d at 650 (S.D.N.Y. 2020); *Kaufman*, *supra*, 760 N.Y.S.2d at 169; *Baron*, *supra*, 921 N.Y.S.2d at 104.

20.     The Complaint does not allege any facts indicating the Defendants took any action to assist or otherwise participate in the acts by Textor which the Trustee alleges breached his fiduciary duty.

21.     Thus, the Complaint fails to allege facts fails to allege facts necessary to establish the Defendants' substantial participation in Textor's alleged breach of fiduciary duty to satisfy the third element of a claim for aiding and abetting Textor's alleged breach of fiduciary duty. *See Platinum-Beechwood Litig.*, *supra*, 453 F. Supp. 3d at 650 (S.D.N.Y. 2020); *Kaufman*, *supra*, 760 N.Y.S.2d at 169; *Baron*, *supra*, 921 N.Y.S.2d at 104.

22.     Therefore, the Complaint fails to state a claim against the Defendants for aiding and abetting Textor's alleged breach of fiduciary duty.

23. Further, the Complaint fails to state a claim against FBNK for the additional reason that the Loan Agreement and Note was not assigned to FNBK until after the Petition Date, on March 31, 2020 (Complaint at ¶31), and as of the Petition Date, Textor was no longer on the Debtor's board of directors. (Complaint at ¶38).

24. Thus, during the period of time that Textor allegedly breached his fiduciary duties as a director of the Debtor, FBNK was not a lender to or an obligee of the Debtor, and could not have benefitted from any acts allegedly taken by Textor.

25. For the foregoing reasons, the Complaint should be dismissed as against the Defendants for failure to state a claim upon which relief can be granted pursuant to Civil Rule 12(b)(6), made applicable to this Adversary Proceeding by Bankruptcy Rule 7012.

### C. The Complaint Fails to State a Claim for Equitable Subordination of the Defendants' Claims

26. There are three elements for a claim for equitable subordination: "(i) the creditor must have engaged in some type of inequitable conduct; (ii) the misconduct must have resulted in injury to other creditors or conferred an unfair advantage on the creditor to be subordinated; and (iii) equitable subordination of the claim must not be inconsistent with the other provisions of the bankruptcy laws." *In re Marketxt Holdings Corp.*, 361 B.R. 369, 385 (Bankr. S.D.N.Y. 2007) (citing *In re Mobile Steel Co.*, 563 F.2d 692, 700 (5th Cir.1988).

27. A complaint for equitable subordination must either allege facts showing that the creditor itself engaged in inequitable conduct, or allege facts showing that the party that engaged in inequitable conduct was an alter ego of the creditor. *In re Moll Indus., Inc.*, 454 B.R. 574, 586 (Bankr. D. Del. 2011). It is insufficient to merely allege that the party engaged in inequitable conduct held a controlling ownership interest in the creditor. *Ibid.*

28. Courts identify three categories of behavior that qualify as inequitable conduct for an equitable subordination claim: "(1) fraud, illegality or breach of fiduciary duty, (2) undercapitalization, and (3) control or use of the debtor as an alter ego for the benefit of the claimant." *In re 80 Nassau Assocs.*, 169 B.R. 832, 838 (Bankr. S.D.N.Y. 1994).

29. "[U]nless the claimant controls the debtor, and exercises that control to gain an unfair advantage, the proponent of equitable subordination must show wrongful conduct involving fraud, illegality or some other breach of a legally recognized duty." *Id.* at 839.

30. Here, the Complaint fails to allege facts showing the Defendants exercised control over the Debtor.

31. Further, Complaint fails to allege facts showing fraud, illegality or some other breach of a legally recognized duty owed by the Defendants to the Debtor.

32. As set forth in Section I.B above, the Complaint fails to allege facts showing that the Defendants aided and abetted Textor's alleged breach of fiduciary duty to the Debtor.

33. As set further forth in Section I.B above, the Complaint only alleges that Digital Commerce extended a secured loan to the Debtor, and that FBNK is a subsequent assignee of Digital Commerce's rights under that loan. These facts do not establish control over the Debtor, fraud, illegality or some other breach of a legally recognized duty.

34. Finally, the facts alleged in the Complaint are insufficient to pierce the corporate veil and establish that the Defendants were alter egos of Textor.

35. To establish alter ego liability, "a plaintiff must demonstrate that: (1) that the person exercised such complete dominion and control 'in respect to the transaction attacked' that the corporation had 'at one time' no separate will of its own; and (2) that this domination was used to 'commit fraud or wrong' against the plaintiff, which proximately caused the plaintiff's

9

injury." *Kaplan v. Aspen Knolls Corp.*, 290 F. Supp. 2d 335, 340 (E.D.N.Y. 2003) (quoting *American Protein Corp. v. AB Volvo,* 844 F.2d 56, 60 (2d Cir.1988)).

36. Here, the Trustee has failed to allege any facts indicating that Textor exercised complete dominion and control over the Defendants such that the Defendants had no separate will of their own, or that Textor used domination over the Defendants to commit fraud or wrong against the Debtor. To the contrary, the Complaint alleges that Textor used his position as a member of the Debtor's board of directors to engage in wrongdoing against the Debtor. Thus, there is no basis to allege that the Defendants exercised control over the Debtor, or engaged in wrongful conduct against the Debtor.

37. For the foregoing reasons, the Trustee's claim for equitable subordination should be dismissed as against the Defendants for failure to state a claim upon which relief can be granted pursuant to Civil Rule 12(b)(6), made applicable to this Adversary Proceeding by Bankruptcy Rule 7012.

## CONCLUSION

The Defendants respectfully request that the Court dismiss the Complaint as to the Defendants for the reasons set forth herein, and grant such other relief as the Court deems just and equitable. A proposed form of Order is annexed hereto as Exhibit **"A."**

                              **RABINOWITZ, LUBETKIN & TULLY, LLC**
                              *Counsel to Defendants FBNK Finance S.a.r.l.*
                              *and Digital Commerce Strategy AG*

                By:   /s/ Jonathan I. Rabinowitz
                          Jonathan I. Rabinowitz
                          293 Eisenhower Parkway, Suite 100
                          Livingston, New Jersey 07039
                          (973) 597-9100
                          (973) 597-9119 (Fax)
                          jrabinowitz@rltlawfirm.com

DATED: November 16, 2020