UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
In re:                                                  :
                                                        :
                                                        :  Chapter 11
**P8H, INC., d/b/a PADDLE 8,**                          :
                                                        :  Case No. 20-10809 (DSJ)
                              Debtor.                   :
------------------------------------------------------- X

**ORDER GRANTING
JOINT MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS AND THE CHAPTER 11 TRUSTEE, MEGAN E. NOH, FOR ENTRY
OF AN ORDER ASSIGNING ADVERSARY PROCEEDINGS TO MEDIATION**

Upon consideration of the *Joint Motion of the Official Committee of Unsecured Creditors and the Chapter 11 Trustee, Megan E. Noh, for Entry of an Order Assigning Adversary Proceedings to Mediation* (ECF No. 180) (the "Motion");[1] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, Local Bankruptcy Rule 9019-1 and General Order M-452 of the Bankruptcy Court dated June 28, 2013 (the "General Order"); and notice of a hearing on the Motion having been given and filed (ECF No. 185); and notice of the Motion and the hearing being good and sufficient under the circumstances and no other or further notice need be given; and the Motion having come before the Court for a telephonic hearing in open court on March 18, 2021; and no objections having been filed in response to the Motion; and the Court having considered the Motion and the presentations of counsel for certain of the parties proposed to be included in the mediation; and after due deliberation thereon; and there being good and sufficient cause therefor, it is hereby

**ORDERED, as follows:**

1. The Motion is granted as set forth herein.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

2. <u>Stay of Adversary Proceedings</u>. All pending deadlines, and the further prosecution of claims and defenses, in Adversary Proceeding Nos. 20-01081 (DSJ), 20-01211 (DSJ) and 20-01212 (DSJ) are stayed *sine die,* subject to further order of the Court.

3. <u>Referral to Mediation</u>. The Adversary Proceedings are referred to mediation pursuant to and in accordance with Local Bankruptcy Rule 9019-1, the General Order, and the Bankruptcy Court's Procedures Governing the Mediation of Matters and the Use of Early Neutral Evaluation and Mediation and Voluntary Arbitration in Bankruptcy (collectively, the "<u>Mediation Procedures</u>").

4. <u>Appointment of Mediator</u>. **<u>The Hon. Elizabeth S. Stong, United States Bankruptcy Judge for the Eastern District of New York</u>** is appointed as mediator for all issues involving or relating to the Adversary Proceedings in this Chapter 11 Case (the "Mediator"). **<u>The parties are to promptly contact Judge Stong's chambers at sheree_jackson@nyeb.uscourts.gov regarding mediation scheduling and any additional procedural matters she wishes to raise.</u>** [DSJ: 4/6/2021]

5. <u>Matters Relating to the Conduct of the Mediation</u>.

A. Unless prevailing conditions have changed to a degree sufficient in the Mediator's reasonable determination to permit in-person mediation proceedings, the Mediation shall be conducted through Zoom or equivalent online audio-visual applications.

B. The Mediator shall, in her absolute discretion, determine whether to conduct the Mediation of the Adversary Proceedings through **joint and/or separate sessions, or both**. [DSJ: 4/6/2021]

2

C. The parties to the mediation shall exchange written mediation position statements prior to the first mediation session in accordance with the schedule to be set by the Mediator in consultation with the parties to the Mediation ("Mediation Parties").[2]

D. The Mediation Parties shall mediate in good faith.

E. Representatives of each Mediation Party with authority to negotiate a settlement must attend the Mediation.

F. The results of the Mediation are non-binding unless the Mediation Parties agree otherwise.

6. Confidentiality and Privileges. There shall be an absolute mediation privilege, and all written and oral communications made or submitted by or on behalf of the Mediation Parties in any medium during or in connection with the Mediation shall be confidential **and** protected from disclosure, and shall not constitute a waiver of any existing privileges and immunities. Such communications may not be disclosed to any third party for any reason other than in connection with the Mediation, as may be directed or permitted by the Mediator, and may not be used for any purpose other than for the Mediation.

7. Status Letters. **Until and unless the Adversary Proceedings identified in Paragraph 2 of this Order have been consensually resolved, on or before May 28, 2021, and then on or before the last business day of each succeeding month,** the Trustee and Committee, by their counsel, shall **file** a **joint** letter to the Court **stating whether the mediation is ongoing and, if reasonably possible, when it is anticipated to conclude** ("Status Letter"). **[DSJ: 4/6/2021]**

---

[2] The Mediation Parties are: the Trustee; the Committee; Valentine Uhovski; Sergey Skaterschikov; Isabela Depczyk; Norman Hansen; Christopher Hsu; Peter Rich; John Textor; FBNK Finance S.à.r.l., a Luxembourg joint stock company; **and** Digital Commerce Strategy AG, a Swiss joint stock company (formerly known as FaceBank AG), as successor to Stockaccess Holdings SAS, a French joint stock company. **[DSJ: 4/6/2021]**

3

8. <u>Report of Results of Mediation.</u>  At the conclusion of the mediation, the Mediator shall **<u>inform the undersigned or any successor judge that the mediation has concluded</u>**.  The results of the mediation shall not be disclosed, except in: (i) an action to enforce the provisions of any settlement reached during the Mediation; or (ii) in support of the remedies described in Paragraph 9 below.  **<u>Nothing in this paragraph will preclude the filing of submissions needed to reactivate or terminate the Adversary Proceedings identified in Paragraph 2 of this Order upon the conclusion of the Mediation.</u>**  **[DSJ: 4/6/2021]**

9. <u>Remedies.</u>  In the event any party fails to comply with this Order, any other party may seek the imposition of sanctions pursuant to Fed. R. Civ. 16(f) (made applicable by Fed. R. Bankr. P. 7016) and, except as modified herein, the provisions of the General Order shall apply to the Mediation.

10. <u>Status Conference.</u>  The Court will hold a telephonic status conference with the Mediation Parties in open court on **July 13, 2021, at 10:00 a.m.** (prevailing Eastern Time), or such further date to which such conference may be adjourned by an announcement in open court on the conference date or by a notice filed in the ECF docket of the case.

11. <u>Retention of Jurisdiction</u>.  The Bankruptcy Court shall have jurisdiction to hear and determine any and all matters arising from or related to this Order.

Dated: New York, New York
      April 6, 2021

                                *s/ David S. Jones*
                                Honorable David S. Jones
                                United States Bankruptcy Judge